**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **BRUCE KRENZ**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONTRACT CARPETS OF WAUSAU, INC. d/b/a CARPET CITY and CARPET CITY FLOORING CENTER**<br><br>**Defendant.** | **CIVIL ACTION NO. 12-cv-419**<br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff, Bruce Krenz, by and through his counsel, Kelly L. Lowery, Noah Reinstein, and Nola J. Hitchcock Cross of Cross Law Firm, S.C., complains and states as follows against Defendant Contract Carpets of Wausau, Inc. d/b/a Carpet City.

**INTRODUCTION**

1. Bruce Krenz ("Krenz") brings this action against Contract Carpets of Wausau, Inc. d/b/a Carpet City and Carpet City Flooring Center ("Carpet City") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.* Carpet City is a covered employer and Krenz was an eligible employee under the FMLA at all times relevant to this complaint. Carpet City interfered with Krenz's exercise of his FMLA rights when it: (1) failed to properly notify Krenz of his FMLA rights; (2) prohibited Krenz from taking job-protected leave under the FMLA; (3) discharged Krenz shortly after he requested to take leave under the FMLA. Krenz seeks a permanent injunction against Carpet City, reinstatement, lost

wages, employment benefits, and other compensation, liquidated damages, costs, attorneys' fees, and any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

**PARTIES**

4. The Plaintiff, Bruce Krenz ("Krenz"), is and was at all material times to this cause of action a resident of the State of Wisconsin whose residence is located at 14160 N. 12th Avenue in the City of Merrill, County of Marathon, State of Wisconsin, 54452.

5. The Defendant, Contract Carpets of Wausau, Inc. d/b/a Carpet City and Carpet City Flooring Center ("Carpet City") is a domestic corporation, incorporated in Wisconsin. Carpet City's principal place of business in Wisconsin is at 1000 Bristers Hill Road, in the City of Wausau, County of Marathon, State of Wisconsin, 54401. Carpet City's registered agent for service of process in the State of Wisconsin is Perry Allan Snoeyenbos ("Snoeyenbos"), and is located at 1000 Bristers Hill Road, in the City of Wausau, County of Marathon, State of Wisconsin, 54401.

**GENERAL ALLEGATIONS**

6. Carpet City employed Krenz from approximately October of 1985 until June of 2010.

7. During his employment at Carpet City, Carpet City employed Krenz as a flooring salesperson.

8. During his employment at Carpet City, Krenz worked at the Carpet City store located at 5400 Stewart Avenue, Wausau, Wisconsin 54401.

9. During his employment at Carpet City, Krenz performed his job as a flooring salesperson in a satisfactory manner.

10. Between the time periods of September 2008 through June 2010, Carpet City employed Lee Plonske ("Plonske") as store manager of the Carpet City store located at 5400 Stewart Avenue, Wausau, Wisconsin 54401.

11. Between the time periods of April 2010 through June 2010, Plonske supervised Krenz's employment.

12. In or about April 2010, Krenz contracted pneumonia.

13. Krenz was hospitalized from May 6, 2010 through May 11, 2010, and as a result, was on leave of absence from work.

14. In April or May 2010, Krenz began experiencing neurological impairments.

15. The neurological impairments referenced in Paragraph 14 caused Krenz to slur his speech, experience difficulty walking, and muscle jerks.

16. On or about May 17, 2010, Krenz returned to work at Carpet City.

17. During the week of May 17, 2010, Plonske directed Krenz to take a leave of absence from work, and to return the following week.

18. After the forced leave of absence referenced in Paragraph 17, on or about May 24, 2010, Krenz returned to work.

19. On or about June 1, 2010, Krenz had scheduled surgery to remove three (3) tumors, and took leave from work.

20. In June of 2010, Snoeyenbos served as Chief Executive Office ("CEO") of Carpet City.

21. Throughout Krenz's employment at Carpet City, Snoeyenbos served as CEO of Carpet City.

22. On or about June 14, 2010, Krenz spoke with Snoeyenbos.

23. During the conversation referenced in Paragraph 22, Krenz requested leave under the FMLA to seek treatment at the Mayo Clinic for the neurological impairments referenced above.

24. During the conversation referenced in Paragraph 22, Snoeyenbos told Krenz that Carpet City did not employ enough people to be considered a covered employer under the FMLA.

25. During the conversation referenced in Paragraph 22, Snoeyenbos told Krenz that he employs less than fifty (50) employees so he does not have to provide leave under the FMLA to Carpet City's employees.

26. During the conversation referenced in Paragraph 22, Snoeyenbos told Krenz that he employs less than fifty (50) employees so he does not have to meet the employer obligations under the FMLA.

27. During the conversation referenced in Paragraph 22, Snoeyenbos denied Krenz's request for leave under the FMLA.

28. During the conversation referenced in Paragraph 22, Snoeyenbos told Krenz that Carpet City could not guarantee continued employment if he sought treatment at the Mayo Clinic.

29. In June of 2010, Krenz was an eligible employee under the FMLA, and as defined in 29 U.S.C. § 825.110(a)(1)-(3).

30. In June of 2010, Krenz worked at least 1,250 hours in the preceding twelve (12) months for Carpet City.

31. In June of 2010, Carpet City had employed Krenz for at least twelve (12) months.

32. In June of 2010, Carpet City employed Krenz at a worksite of Carpet City with more than 50 employees within 75 miles of that worksite.

33. In June of 2010, Carpet City was a covered employer as defined in 29 U.S. C. § 825.104(a).

34. In June of 2010, Carpet City employed fifty (50) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

35. In June of 2010, Carpet City engaged in commerce and/or in any industry or activity affecting commerce.

36. In 2010, Carpet City reported to the Wisconsin Department of Workforce Development that it employed more than fifty (50) employees.

37. Throughout the duration of Krenz's employment, Carpet City failed to post a notice on its premises explaining the FMLA and/or providing information concerning the procedures for filing complaints of violations of the FMLA.

38. Throughout the duration of Krenz's employment, Carpet City did not provide written, general notice to its employees regarding the FMLA.

39. Throughout the duration of Krenz's employment, Carpet City did not provide general notice to Krenz regarding the FMLA.

40. In or about June of 2010, Carpet City did not notify Krenz of his eligibility to take leave under the FMLA.

41. On or about June 23, 2010, Carpet City terminated Krenz's employment.

42. Following his termination from Carpet City, Krenz sought treatment at the Mayo Clinic for the medical condition referenced above and he received physical and occupational therapy while at the Mayo Clinic.

43. During his treatment at the Mayo Clinic, Krenz's doctor diagnosed him with Myoclonus.

44. The neurological impairments referenced above are symptoms of Myoclonus.

45. The medical condition referenced in Paragraph 43 is a serious health condition as defined by 29 C.F.R. § 825.114.

46. The medical condition referenced in Paragraph 43 required continuing treatment by a health care provider, and a leave of absence of more than three (3) days from work.

**CLAIM FOR RELIEF**

**(Violation of the Family and Medical Leave Act of 1993, as amended)**

47. Krenz re-alleges incorporates by reference all previous paragraphs, as if fully set forth herein.

48. The FMLA requires, among other things, covered employers to provide notice explaining the Act's provisions and providing information concerning the procedures for filing complaints of violations of the Act with the Wage and Hour Division. 29 U.S. C. § 825.300(a)(1).

49. The FMLA requires, among other things, covered employers with eligible employees to provide general notice to each employee by including the notice in employee handbooks or

other written guidance to employees concerning employee benefits or leave rights. 29 U.S. C. § 825.300(a)(3).

50. The FMLA prohibits, among other things, covered employers from interfering with, restraining, or denying the exercise of, the attempt to exercise, or any rights provided by the FMLA. 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

51. By failing to post a notice on its premises explaining the FMLA and providing in information concerning the procedures for filing complaints of violations of the FMLA, Carpet City interfered with, restrained, and denied the exercise of Krenz's rights provided by the FMLA. 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

52. By failing to provide general notice to Krenz regarding his rights under the FMLA, Carpet City interfered with, restrained, and denied the exercise of Krenz's rights provided by the FMLA. 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

53. By denying Krenz's request to take FMLA leave, Carpet City, interfered with, restrained, and denied the exercise of Krenz's rights as provided by the FMLA. 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

54. By discharging Krenz because he had requested FMLA leave, Carpet City interfered with, restrained, and denied the exercise of Krenz's rights as provided by the FMLA. 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 825.220(1).

55. As a result of the aforementioned willful violations of the FMLA, Krenz is entitled to reinstatement, payment of lost wages and benefits, and an additional equal amount as liquidated damages. 29 U.S.C. § 2617(a)(1).

56. Pursuant to FMLA, 29 U.S.C. § 2617(a)(3), Krenz is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting a FMLA action.

WHEREFORE, it is respectfully prayed that this Court grant to Krenz the following relief:

a) Issue an Order granting a permanent injunction against Carpet City and its officers, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against employees for taking leave under the FMLA;

b) Issue an Order directing and requiring Carpet City to institute and carry out policies, practices, and programs which provide proper observation of the provisions of the FMLA and which eradicate the effects of its past and present unlawful employment practices;

c) Issue an Order directing and requiring Carpet City to reinstate Krenz to his previous position, with seniority, at the same pay grade as Krenz was previously receiving;

d) Order Carpet City to make whole Krenz by providing adequate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

a) Issue an Order directing and requiring Carpet City to pay Krenz liquidated damages pursuant to the FMLA in an amount equal to, and in addition to the amount of back pay amount owed to him;

b) Issue an Order directing and requiring Carpet City to reimburse Krenz for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

e) Issue an Order granting such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMANDED**

Krenz hereby requests trial of all issues triable under federal law.

Dated at Milwaukee, Wisconsin this _12th_ day of June, 2012.

**Attorneys for Plaintiff**
**Cross Law Firm, S.C.**

By: **s/KELLY L. LOWERY**
Kelly L. Lowery
SBN: 1066294
Noah Reinstein
SBN: 1056754
Nola J. Hitchcock Cross
SBN: 1015817

Cross Law Firm, S.C.
Lawyers' Building
845 North 11th Street
Milwaukee, WI 53233
(414) 224-0000
(414) 273-7055 (facsimile)
klowery@crosslawfirm.com
nreinstein@crosslawfirm.com
njhcross@crosslawfirm.com