UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRUCE KRENZ

        Plaintiff,                      CIVIL ACTION NO. 12-cv-419

v.

**CONTRACT CARPETS OF WAUSAU, INC.**
**d/b/a CARPET CITY and**
**CARPET CITY FLOORING CENTER**      Jury Trial Demanded

        Defendant.

## JOINT RULE 26(F) CONFERENCE PRETRIAL REPORT

Plaintiff Bruce Krenz, by his attorneys, Cross Law Firm, S.C., and Defendant, Contract Carpets of Wausau, Inc. d/b/a Carpet City and Carpet City Flooring Center, by its attorneys, Mallery & Zimmerman, SC, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, submit the Parties' Joint Rule 26(f) Pretrial Report for the scheduling conference set for September 7, 2012 at 1:30 p.m.

Counsel for the parties held a telephonic conference on August 22, 2012 and discussed those matters set forth in Rule 26(f) of the Federal Rules of Civil Procedure. Counsel for the parties have had the opportunity to review this report and consent to the filing thereof.

1. **Nature of the case.**

This case arises out of a complaint filed by the Plaintiff against the Defendant wherein Plaintiff alleged that Carpet City interfered with the exercise of his Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") rights by: (1) failing to notify

Plaintiff of his FMLA rights; (2) prohibiting Plaintiff from taking job-protected leave under the FMLA; and (3) discharging Plaintiff shortly after he requested to take leave under the FMLA. Defendant denies the allegations and that it interfered with Plaintiff's rights under the FMLA.

This is a civil action over which the Court has original jurisdiction under 29 U.S.C. § 2601 *et seq.* (Federal question). The parties agree that there are no issues of jurisdiction or venue that might affect the Court's ability to proceed with the case.

2. **Related cases.**

Prior to the filing of the complaint in this matter, Plaintiff had filed a disability and age discrimination complaint, ERD Case No. CR20110165 and EEOC Case No. 26G201100920C, which is currently pending in the Wisconsin Department of Workforce Development, Equal Rights Division.

3. **Material factual and legal issues to be resolved at trial.**

The parties agree that the following issues exist: (1) whether Plaintiff is an eligible employee under the FMLA; (2) whether Defendant is a covered employer under the FMLA; (3) whether Defendant had an obligation to notify Plaintiff of his FMLA rights; (4) whether Defendant had an obligation to provide Plaintiff with job-protected leave under the FMLA; and (5) whether Plaintiff's request for FMLA leave was a factor in Defendant's decision to terminate his employment.

4. **Expected or desired amendment of the pleadings.**

Plaintiff anticipates amending the pleadings to include his disability and age discrimination claims currently cross-filed with the Department of Workforce Development, Equal Rights Division, ERD Case No. CR20110165, and the Equal Employment Opportunity Commission, EEOC Case No. 26G201100920C, after the issuance of a Notice of Right to Sue letter by the

2

EEOC.  The parties do not contemplate further amending to pleadings at this time.  However, as discovery progresses, the pleadings may need to be amended to conform to the evidence.

5. **Identity of any new parties to be added.**

Neither party anticipates joining additional parties.

6. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

- **Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a).**

The parties shall exchange initial disclosures on or before **September 5, 2012**. The parties do not otherwise anticipate changing the timing, form or requirement for disclosures under Rule 26(a).

- **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**.

Discovery will be needed on the theories of the liability, defenses and damages pled in the parties' respective pleadings and amendments thereto.  Discovery should be completed by **April 15, 2013**. The parties are not requesting that discovery be conducted in phases or be limited to or focused on particular issues.

- **Issues about disclosure or discovery of electronically stored information.**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery.

- **Any issues relating to claims of privilege or of protection of trial preparation material.**

The parties agree that any documents, including electronically stored information, that contain information that is privileged to the producing party or legal work product shall be immediately returned to the producing party upon notice from the party claiming the inadvertent disclosure of same or upon either party's realization that such documents were inadvertently produced. Claims of inadvertent disclosure of privileged information must be raised by the producing party within thirty (30) days of production. Parties still retain any rights or remedies for inadvertent disclosures that exist, this paragraph notwithstanding, including the right to challenge any claim of privilege or inadvertent disclosure, and may keep an identifying log as to the document produced but not the substance of its contents. In the circumstance of inadvertent production, the receiving party agrees that the information gained from said materials will not be used as evidence in the prosecution of the receiving party's case unless the court orders otherwise. If a party receiving materials, for which the producing party claims privilege or inadvertent disclosure, objects to the designation of such material as privileged and subject to return, the producing party must file a motion for protective order with the Court regarding same and the recipient may hold, but not use, such materials until the Court resolves the motion. If such a motion interferes with a party's ability to conduct discovery or otherwise prepare dispositive motions or for trial, the parties may seek enlargement of any deadlines so affected.

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. A party seeking to file a document under seal must move the Court for such relief. The motion, whether granted or

denied, will remain in the public record. The parties may reach their own agreement regarding the designation of materials as "confidential."

- **Limitations on discovery.**

The parties are not aware at this time of a need to modify the rules limiting discovery. However, the parties have agreed that any discovery obtained throughout the pending ERD Case No. CR20110165/EEOC Case No. 26G201100920C may be used in this matter.

7. **Estimated Length of Trial.**

The parties anticipate the trial to last five (5) days.

8. **Other matters effecting the just, speedy and inexpensive disposition of this case, or which the court should take into account when setting the schedule.**

    - **Disclosure of experts.** February 15, 2013.

    - **Deadline for filing dispositive motions.** March 1, 2013.

    - **Discovery cutoff.** April 15, 2013.

    - **Trial.** The parties anticipate being ready for trial on or after July 1, 2013.

    - **Final pretrial conference.** The parties request a final pretrial conference fourteen (14) days prior to trial.

    - **Final witness and exhibit lists.** Final lists of witnesses and exhibits under Fed.R.Civ.P. 26(a)(3) shall be exchanged forty-five (45) days before the trial date.

    - **Objections and motions in limine.** The parties should have 20 days after service of final lists of witnesses and exhibits to file objections and motions in limine.

    - **Resolution or settlement.** The parties are assessing viability of settlement discussions at this time. Should these discussions fail to bring resolution, it is unknown whether the parties will seek mediation at a later date.

Dated at Milwaukee, Wisconsin this 27th day of August, 2012.

                              **CROSS LAW FIRM, S.C.**
                              Attorneys for Plaintiff

By:    **s/KELLY L. LOWERY**
          Kelly L. Lowery
          SBN: 1066294
          Nola J. Hitchcock Cross
          SBN: 1015817

          845 N. 11th Street
          Milwaukee, WI 53233
          (414) 224-0000
          (414) 273-7055(facsimile)
          klowery@crosslawfirm.com
          njhcross@crosslawfirm.com

          **Mallery & Zimmerman SC**
          Attorneys for Defendant

By:    **s/MARK A. SAUER**
          Mark A. Sauer
          SBN: 1027949

          500 3rd St Ste 800
          PO Box 479
          Wausau, WI 54402-0479
          (715) 845-8234
          (715) 848-1085 (facsimile)
          msauer@mzattys.com